UNITED STATES v. ROTHSCHILD et al.

(Circuit Court, S. D. New York. May 27, 1898.)

No. 2,684.

DUTY ON WRAPPER TOBACCO—PERCENTAGE SYSTEM.

Except for the purpose of imposing a penalty for importing a bale containing more than 15 per cent. of wrapper and less than 85 per cent. of filler, any percentage system is abandoned in the tariff act of 1897; and all wrapper tobacco, wherever found, and in whatever amount, is subject to the duty of $1.85 per pound, provided in paragraph 213 of said act.

Appeal from a decision of the board of general appraisers reversing a decision of the collector of the port of New York touching the duty on certain wrapper tobacco found packed in bales of filler tobacco, but not exceeding 5 per cent. of each bale.

John S. Wise, for the United States.

E. R. Gunby, for importers.

LACOMBE, Circuit Judge. Amid the awkward, tortuous, and obscure phraseology of paragraph 246 of the act of 1883, one thing was manifest, namely, that, in determining whether any particular leaf tobacco should pay a lower or a higher rate, it would be necessary to calculate a specified percentage—of something. It became absolutely necessary, in order to apply the rule prescribed in the paragraph, to determine upon what base or on what unit such percentage should be calculated. In Falk v. Robertson, 137 U. S. 225, 11 Sup. Ct. 41, the court had to deal with an abnormal, if not a bogus, bale; and it is not surprising that the language used in the opinion was not practically of much use when normal commercial bales came under consideration. The necessity of finding a base number or unit available for such cases could not be overlooked. U. S. v. Blumlein, 5 C. C. A. 142, 55 Fed. 383. Such a unit was declared to be the bale, and it is understood that the conclusion upon that point reached in that case has not since been questioned. Erhardt v. Schroeder, 155 U. S. 124, 15 Sup. Ct. 45; U. S. v. Rosenwald, 14 C. C. A. 399, 67 Fed. 323. The McKinley tariff of 1890, however, concededly abandoned the practice of taxing according to percentages. Under that act it was wholly unnecessary to fix upon any base number or unit at all. Quite possibly, the percentage method was restored by the Wilson tariff of 1894, indirectly by the use of the words "commercially known"; but there seems much force in the suggestion that, when those words were dropped out of the Dingley tariff of 1897, the percentage system dropped with them. , Of course, if the percentage system were abandoned, the necessity of determining a unit or base number ceased also, and the decisions in the cases cited would be no longer instructive.

Construing the phraseology of the act of 1897 without reference to the earlier statutes and decisions, the correct paraphrase of the paragraphs 213 and 214, so far as they relate to unstemmed leaf tobacco, may be stated thus:

"A duty of 35 cents per pound shall be paid on (A) all leaf tobacco not suitable for cigar wrappers, and not otherwise provided for.

"A duty of one dollar and eighty-five cents per pound shall be paid on (A) all leaf tobacco of any kind, and wherever grown, which may be packed or mixed with any other leaf tobacco which other tobacco is the product of any other country or dependency; (B) all leaf tobacco not suitable for cigar wrappers, which shall be found to be mixed or packed with more than fifteen per cent. of tobacco which is suitable for cigar wrappers; (C) all leaf tobacco suitable for cigar wrappers."

The language used in the act seems to indicate that the draftsman has tried to cut loose from earlier legislation and the decisions predicated thereon; and the case seems to be one where the language of

the later act may fairly be construed without much regard to the construction put upon earlier and much more intricate phraseology. I am strongly of the opinion that, except for the purpose of imposing a penalty on any one importing an abnormal bale (i. e. as the evidence shows, one with more than 15 per cent. wrapper, to less than 85 per cent. filler), any percentage system is abandoned in this tariff, and that all wrapper tobacco, wherever found, and in whatever amount, shall pay the higher rate. Inasmuch as the case will undoubtedly be appealed, it seems unnecessary to discuss the question presented at any greater length. Decision reversed, and collector sustained.